**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

TOTAL DISTRIBUTION SERVICES, INC.

Plaintiff,

Civil Case No. 3:09-CV-00819-JGH

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY

Defendant.

**TOTAL DISTRIBUTION SERVICES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE**

## FACTUAL AND PROCEDURAL BACKGROUND

Total Distribution Services, Inc. ("TDSI") provides transportation related handling services, including the unloading of new automobiles from railcars through a network of automobile distribution facilities, storage locations, and other facilities operated by TDSI and its sister companies throughout the United States. (See Declaration of George J. Cumming, Jr., Exhibit "A"). TDSI entered into a contract with Renne Acquisition Corporation, Inc. d/b/a Auto Resources Group and various subsidiaries of Renne Acquisition Corporation, Inc. (collectively "ARG" or "ARG Companies") pursuant to which ARG agreed to transload new automobiles from railcars at facilities located primarily in Kentucky. Id.

While handling and transloading new automobiles from 1999 to 2006, ARG improperly handled and caused damage to hundreds of TDSI's customer's automobiles. This resulted in TDSI having to pay its customers over $1.8 million. (See Declaration of George J. Cumming, Jr., Exhibit "A"). TDSI filed suit against ARG to recover the sums paid due to the improper

handling of new automobiles in U.S. District Court for the Western District of North Carolina. Total Distribution Services, Inc. v. Auto Resources Group Company, et al., Civil Action No. 3:06CV170-H ("Underlying Suit"). While the suit was pending, ARG through its counsel admitted liability and stipulated to the entry of judgment in favor of TDSI and against ARG in the amount of $1,851,214.23.

Over the next 12 months, TDSI conducted discovery in aid of judgment enforcement. During this discovery, it became apparent that ARG had ceased operations, and was insolvent. Based on information provided by ARG, on September 16, 2008 TDSI served a subpoena *duces tecum* upon the defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") in Massachusetts, seeking the production of insurance policies which ARG's financial records indicated had been purchased by ARG during the term of the contract with TDSI. The contract itself required the purchase of such insurance by ARG. Liberty Mutual repeatedly failed to comply with the subpoena.

In light of Liberty Mutual having improperly "stonewalled" in responding to the U.S. District Court subpoena, TDSI presented Liberty Mutual with several canceled checks issued from ARG's bank accounts showing substantial payments from ARG to Liberty Mutual. (See Exhibit "B"). After counsel for TDSI informed Liberty Mutual that it would seek Court intervention to compel compliance, Liberty Mutual finally produced its policy in August of 2009 nearly one year after being served the subpoena. (See Exhibit "C").

TDSI then determined that the damage claims arising principally in Kentucky were covered under the Liberty Mutual policy. TDSI then served a demand for payment of covered damages upon Liberty Mutual, which like the subpoena, was ignored.

Because ARG's insured facilities are principally located in Kentucky, the damage claims arose principally in Kentucky, and most non-party witnesses are located in Kentucky, TDSI filed this lawsuit with the U.S. District Court for the Western District of Kentucky. The defendant Liberty Mutual was served with the Complaint in this action on October 26, 2009.

TDSI also filed two related actions, one against St. Paul Fire & Marine Insurance Company ("St. Paul") in an action styled Total Distribution Services, Inc. v. St. Paul Fire & Marine Insurance Company, Civil Case No. 3:09-CV-00820-JGH ("St. Paul Action") and another against Hartford Fire Insurance Company ("Hartford") in an action styled Total Distribution Services, Inc. v. Hartford Fire Insurance Company, Civil Case No. 3:09-CV-00818-JGH.

Both Liberty Mutual and St. Paul filed virtually identical motions to dismiss based upon the meritless assertion that venue is improper. Since Liberty Mutual's Motion is almost identical to the Saint Paul moition, the instant motion suffers from the same fatal flaws identified in TDSI's opposition brief filed in the St. Paul Action. TDSI will address Liberty Mutual's arguments in similar fashion as in its opposition to St. Paul's motion in the related St. Paul Action. The Hartford Fire Insurance Company has simply filed an Answer to the Complaint, and that action remains pending before this Court.[1]

In a transparent attempt to manufacture venue in another forum, fifty two days after being served with the Complaint in this lawsuit, Liberty Mutual again followed St. Paul's lead and filed a second lawsuit with the U.S. District Court for the Western District of North Carolina. Although neither a necessary nor interested party, Liberty Mutual also named the defunct ARG

[1] TDSI is filing a motion to consolidate all three lawsuits before this Court for purposes of discovery, so as to avoid duplicity, unnecessary expense, and pointless inconvenience for witnesses.

entity as a party. The Complaint in the second lawsuit alleges the identical claims at issue in this lawsuit as the basis for its "declaratory judgment."

TDSI has brought this lawsuit against Liberty Mutual to recover for claims which arose principally in Kentucky, and were covered under the policy purchased by ARG. This Court has held:

> [T]he general rule under Kentucky law is that a plaintiff is not permitted to pursue a claim directly against a liability defendant's insurance carrier except under special circumstance. The most prevalent exception to the general rule concerns circumstances in which a plaintiff first obtained a judgment against the insured, then establishes the insolvency or bankruptcy of the insured and then pursues his action against the insurance company.

French v. Murray, Inc., et al., 2007 U.S. Dist. LEXIS 5923 (W.D. Ky. 2007) (citations omitted).

In this action, TDSI has already obtained a judgment against ARG, and can easily demonstrate that ARG is insolvent or bankrupt. Liberty Mutual has acknowledged ARG's insolvency in an October 20, 2009 letter. (See Exhibit "D"). Liberty Mutual has indicated that its defense will be whether the claims at issue are "covered" under the applicable policy. In light of this defense, TDSI must rely upon the testimony of numerous witnesses – both parties and non-parties – the majority of whom reside in Kentucky.

The claims which TDSI asserts are covered under the Liberty Mutual policy arose from improper vehicle handling at five facilities. (See Declaration of George J. Cumming, Jr., Exhibit "A").

The facilities are located in O'Bannon, Kentucky; Louisville, Kentucky; Jessup, Maryland; New Boston, Michigan; and Twin Oaks, Pennsylvania. The two facilities in Kentucky are within this jurisdiction. <u>None</u> of the facilities are located in North Carolina. The damages sought by TDSI were principally sustained in incidents involving the insured at the

Kentucky facilities. Id. None of the incidents giving rise to any of the damages occurred in North Carolina. Id.

Witnesses and documents, including TDSI employees and, upon information and belief, former ARG employees, who have personal knowledge of the covered claims are located in this jurisdiction and the jurisdictions of other facility locations, but not in North Carolina. (See Declaration of George J. Cumming, Jr., Exhibit "A"). Third party witnesses and documents relating to the damages, including inspection companies who evaluated the damage, are located in Kentucky, and to a lesser degree in other jurisdictions, but none in North Carolina.

After entry of judgment against ARG, TDSI conducted judgment enforcement discovery and found that ARG was defunct and insolvent. This prevented TDSI from satisfying its judgment against ARG and from obtaining any copies of relevant documents including insurance policies from ARG. From its limited discovery of financial records, TDSI was able to identify Liberty Mutual as having sold an insurance policy to ARG covering the losses sustained by TDSI. For this reason, ARG as a corporation is neither a necessary nor interested party, and the location of the defunct ARG's incorporation is of no moment.

## ARGUMENT

### I. Defendant is Well Aware of The Fact That Venue is Proper in Kentucky

#### A. Kentucky Has a Substantial Connection to TDSI's Claims

Courts in this Circuit place the burden on the defendant (Liberty Mutual) to prove that the forum chosen by the plaintiff (TDSI) is improper. See Long John Silver's, Inc. v. Diwa III, Inc., 2009 U.S. Dist. LEXIS 3409 (E.D. Ky. Jan. 15, 2009). Under Subsection(2) of 28 U.S.C. § 1391(a), venue is proper in any judicial district where a substantial part of the events or omissions giving rise to the Plaintiff's claims arose. Id. Under this statute, venue may be proper

in more than one district. The issue is not which forum is the "best" venue, but whether the district has a "substantial" connection to plaintiffs' claims, even if other districts have greater contacts. First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998).

Liberty Mutual has not met its burden of showing why venue is improper in the Western District of Kentucky. Instead Liberty Mutual supports its Motion on the incorrect premise that by simply filing a reactionary Declaratory Complaint in the Western District of North Carolina, TDSI's earlier choice of forum is somehow negated. (Docket No. 16, pp. 3-5). Liberty Mutual erroneously relies on a series of unverified facts including that the policy was issued in North Carolina, and incorrectly implies that because Liberty Mutual filed its suit in North Carolina, TDSI is precluded from continuing with this Action in the Western District of Kentucky.

In three pages of its Memorandum, Liberty Mutual makes a feeble argument that venue is improper in Kentucky because no substantial events or omissions giving rise to the claim occurred in Kentucky. Liberty Mutual goes on to argue that because neither party was incorporated in Kentucky, venue is improper. For obvious reasons, Liberty Mutual makes only passing reference to the claims at issue arising in Kentucky.

If the defense of Liberty Mutual is whether claims arising principally in Kentucky are covered under its insurance policy, as alleged in its motion, it is ludicrous to argue that no substantial events giving rise to the claim occurred in Kentucky. This argument is patently frivolous, and appears to have been motivated more by the strategy of counsel than the merits of a motion under Federal Civil Rule 12.

TDSI operates at locations in the Western District of Kentucky, suffered losses in the Western District of Kentucky, and it is in the Western District of Kentucky that persons who investigated much of the loss and know the most about the damages in question are located.

The terms of the Liberty Mutual policy also support venue in the Western District of Kentucky. In the copy of the Liberty Mutual Policy No. AS2-151-284414-024 ("Policy") provided to TDSI by Liberty Mutual (Exhibit "E"), includes a Schedule of Locations Endorsement listing the addresses of ten ARG locations in seven states covered under the Policy. Exhibit "E". Of the ten facilities listed, three are located in Kentucky, only one is in North Carolina. The Policy does not contain either a choice of venue or law clause.

Clearly venue is proper in the Western District of Kentucky.

**B. Defendant's Reliance on Lumbermens Does Not Support Transferring this Case to North Carolina**

Liberty Mutual relies heavily on an unpublished Pennsylvania decision in its brief to support its opposition to TDSI's choice of venue in the Western District of Kentucky. Lumbermens Mut. Ca. Ins. Co. v. Peirce, Raimond, & Coulter, P.C., 2009 WL 1035022 (W.D. Pa. April 17, 2009). The Lumbermens decision, which emanated from a federal district court in Pennsylvania, does not control and points toward, rather than away from, retaining venue in Kentucky.

In Lumbermens, an insurer sought a declaratory judgment with respect to its insurance obligation to its insured which was a defendant in a pending lawsuit in another federal jurisdiction. The court was not persuaded by the insurer's arguments, many of which that are relied upon by Liberty Mutual in this case. The Court rejected the insurer's arguments that venue was proper in the insurer's preferred forum because the negotiation, execution, formation, issuance, and payment of the insurance policy allegedly took place in Pennsylvania and not in West Virginia where an injured party brought suit against its insured. The court held that the

insurer's choice of venue was improper because the nature of the events giving rise to the claim at issue was tied to the pending litigation in West Virginia, not to the formation or execution of the insurance policy itself.

Liberty Mutual suggests that events are somehow still unfolding in TDSI's suit against its insured ARG, which was closed nearly three years ago when a stipulated judgment was entered by the court on April 20, 2007 and that this somehow prevents TDSI from filing this action in Kentucky. Without citing any authority, Liberty Mutual ignores the verified fact that this case involves damages to hundreds of automobiles caused by Liberty Mutual's insured, in Kentucky.

## II. This Case Should Not Be Transferred

### A. Obtaining a 1404 (a) Transfer is Subject to a Balancing of Several Objective Factors

Liberty Mutual moves to transfer this matter exclusively under 28 U.S.C. §1404(a) which provides:

> …for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a)

First, the moving party must show that the case could have been brought in the proposed transferee forum, which is not disputed here.

Once that is decided, the factors for the Court to weigh on such a motion are

> […] the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interest of justice."

Moses v. Business Card Express, Inc., 929F.2d 1131, 1137 (6th Cir. 1991) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)); Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., 2002 U.S. Dist. LEXIS 20488 (W.D. Ky. Oct. 17, 2002).

**B. Liberty Mutual Cannot Meet the 1404(a) Balancing Test**

The default rule applicable in this case is that TDSI's choice of forum must be given great weight when considering whether to transfer under §1404(a). Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., 2002 U.S. Dist. LEXIS 20488 (W.D. Ky. Oct. 17, 2002). As a general rule, this Court has held that "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Rutherford v. Goodyear Tire & Rubber Co., 943 F. Supp. 789, 791 (W.D. Ky. 1996). Because TDSI has chosen the Kentucky courts as its forum, Liberty Mutual must present strong evidence that a change of venue is appropriate. Id.

Reviewing the 1404 (a) factors one at a time, none of them justify a transfer of venue in this case.

**1. The Convenience of the Parties Strongly Supports Venue Here**

TDSI is a Virginia Corporation headquartered in Jacksonville, Florida but suffered losses at its two facilities located in Kentucky, as well as facilities in Pennsylvania, Maryland and Michigan. None of the facilities where the covered losses occurred are located in North Carolina. (Declaration of George J. Cumming, Jr., Exhibit "A").

This factor strongly weighs in favor of Kentucky as the forum. In that regard, "even where the Plaintiff is not a resident of the chosen forum, his choice [of forum] is still entitled to

significant weight," Motown Records v. Mary Jane Girls, Inc., 660 F. Supp. 174, 175 (S.D.N.Y. 1987).

To overcome the significant weight and deference to be afforded to the Plaintiff's choice of forum, Liberty Mutual must satisfy a heavy burden. See, Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., 2002 U.S. Dist. LEXIS 20488 (W.D. Ky. Oct. 17, 2002). Liberty Mutual must make a clear cut showing that a transfer is in the best interests of the litigation. The need for transfer must be clear and convincing. Deloteus v. USAA Cas. Ins. Co., 2006 U.S. Dist. LEXIS 85654 (W.D. Ky. Nov. 21, 2006).

While Kentucky is not TDSI's primary place of business, it "does conduct business here," and the conduct of that business is partly a subject of the pending action. Pinto v. Doskocil, 1991 U.S. Dist. LEXIS 13971 (S.D.N.Y. Oct. 2, 1991).

### 2. The Convenience of the Witnesses Primarily Supports Venue in Kentucky

Convenience of the witnesses is a factor the Court must consider, and given that the covered claims arose primarily in Kentucky, most witnesses are located here. There are however operative events and important witnesses located in three other states, Michigan, Maryland, and Pennsylvania. To the extent that Liberty Mutual has any witness located in North Carolina (none are identified), when the transfer of a case merely shifts the inconvenience from one party to the other, courts generally deny a motion for change of venue which will only shift inconvenience. Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., 2002 U.S. Dist. LEXIS 20488 (W.D. Ky. Oct. 17, 2002).

**3. Documentary Proof is Available By Subpoena Regardless of Where The Case is Venued**

The documents are located in the same jurisdictions as the respective witnesses. All of the documents can easily be subpoenaed. This fact does not support transfer. Liberty Mutual offers no verified facts supporting the comment in its Memorandum that any relevant documents are actually located in North Carolina.

**4. Forum's Familiarity with Controlling Law**

In support of its Motion, Liberty Mutual relies on a conclusory assumption that North Carolina law will apply in this case. In Kentucky, the rights created by an insurance contract are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy. Flint v. Liberty Ins. Corp., 613 F. Supp. 2d 899, 902 (E.D. Ky. 2009). The following Policy terms show that the principal location of the insured risk was in Kentucky and thus Kentucky law is applicable: the Policy's named insured obtained the policy through a Kentucky broker; the policy includes a Schedule of Locations Endorsement listing three locations in Kentucky; and the Policy does not contain either a choice of venue or law clause. (Exhibit "E").

**5. The Interests of Justice Strongly Support Kentucky as the Forum**

By filing its Declaratory Complaint in North Carolina several weeks after the instant action was filed here in Kentucky and then filing the Motion at issue, Liberty Mutual is engaged in blatant forum shopping- searching for a complete change in venue to support what it perceives as a more favorable jurisdiction or law. Under these circumstances, binding U.S. Supreme Court precedent prevents a transfer. In Van Dusen v. Barrack, 376 U.S. 612 (1964) the Supreme Court ruled that a §1404(a) transfer should never result in a change in the applicable law. Specifically, the Court in Van Dunsen held that Congress, in passing that statute should not have intended a

transfer to be accompanied by a change in law. Id. at 622. Liberty Mutual should not be allowed to circumvent this rule by filing a second declaratory action in North Carolina prior to responding to TDSI's earlier filed complaint in Kentucky.

TDSI agrees with Liberty Mutual that it is an inefficient use of judicial resources to have identical issues litigated in both the North Carolina Action and the Kentucky Action. (Docket No. 6, p. 9). It was Liberty Mutual's decision to waste judicial resources by commencing a pointless second North Carolina Action in response to TDSI's earlier filed complaint in Kentucky. TDSI will be moving to dismiss the North Carolina Action against it contemporaneously with the filing of this Opposition Brief with this Court.

## CONCLUSION

Liberty Mutual Fire Insurance Company falls far short of satisfying its heavy burden to show why venue is either improper or why this case should be transferred to the Western District of North Carolina. Total Distribution Services, Inc. respectfully requests that this Court enter an Order denying Liberty Mutual's Motion to Dismiss or in the Alternative Transfer Venue, and that TDSI be awarded reasonable attorney's fees and such other relief as the Court deems just and appropriate.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By: */s/ David F. Watkins Jr.*

Jeffrey D. Cohen *(Pro Hac Vice)*
David F. Watkins Jr.*(Pro Hac Vice)*
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117
E-mail: JCohen@freightlaw.net
DWatkins@freightlaw.net

Kentucky Counsel:
David Domene
**BLACKBUM, DOMENE & BURCHETTPLLC**
614 West Main Street, Suite 300
Louisville, KY 40202

Dated: December 23 2009

Attorneys for Plaintiff
Total Distribution Services, Inc.

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on December 23, 2009, a true and correct copy of the foregoing Total Distribution Services, Inc.'s Memorandum of Law in Opposition to Liberty Mutual Fire Insurance Company's Motion to Dismiss or in the Alternative to Transfer Venue was filed electronically. Notice of this filing was sent to the following party, listed below, through the Court's system.

**Charles H. Cassis**
**Jennifer K. Luhrs**
Goldberg & Simpson, LLC
9301 Dayflower Street
Louisville , KY 40059
502-589-4440
Fax: 502-581-1344
Email: ccassis@goldbergsimpson.com
jluhrs@goldbergsimpson.com

*Attorneys for Defendant*
*Liberty Mutual Fire and Marine Insurance Company*

By: */s/ David F. Watkins Jr.*
David F. Watkins Jr.